



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

JERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Honorable Tom L. Beauchamp
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. F. E. Welmaker
Head, Franchise Tax Division

Opinion No. O-686
Re: Texas Gas Utilities Company.
Secretary of State's File
No. F-2789

This department is in receipt of your letter of April 22, 1939, which is as follows:

"The subject corporation has filed a franchise tax return in this office, stating its business as 'Production, transmission and sale of natural gas at wholesale'. Apparently, it collects gas from the gas field and transports it to the city gates of a few southwest Texas towns, where it is sold to the Texas Gas Distributing Company, a separate corporate entity, which last named corporation is engaged in serving the public by distributing this gas to the customers in these towns. Apparently the only customer of the Texas Gas Utilities Company is the Texas Gas Distributing Company, who takes the gas at the city gates. This office recognizes that the Texas Gas Utilities Company is subject to regulation by the Railroad Commission under the provisions of Articles 6050 to 6053 but there exists a serious doubt in our minds as to whether this corporation is a public utility within the meaning of Article 7084, subdivision (D) and entitled to a deduction in its tax of several hundred dollars by reason of its notes, bonds and debentures maturing one year or

more from date of issue. For your convenience
in determining the issues at hand, we are here-
with handing to you a copy of the office memo-
randum containing the signed ruling of Secretary
of State Jane Y. McCallum that such gas pipe
lines are not public utilities. We are also
herewith enclosing our correspondence with this
corporation and its attorneys going into the
facts of the case; when you have completed your
research upon this question we would thank you
to return our correspondence file with this
corporation.

"We would therefore appreciate your consideration
and opinion upon the following question:

"Are we to classify gas pipe line companies
under subdivision (D) of Article 7084, or
under subdivision (A) of Article 7084, for the
purposes of ascertaining the franchise tax due
by them?"

Article 7084 R. C. S., 1925, as amended, provides in
part as follows:

"(D) Except as provided in preceding Clauses
(B) and (C) all public utility corporations,
which shall include every such corporation en-
gaged solely in the business of a public utility
whose rates or service is regulated, or subject
to regulation in whole or in part, by law, shall
pay a franchise tax as provided in this Act, ex-
cept the same shall be based on that proportion
of the issued and outstanding capital stock, sur-
plus, and undivided profits, which the gross re-
ceipts of the business of said corporation done
in this State bears to its total gross receipts,
instead of the gross assets; and in lieu of the
rate hereinbefore prescribed said tax shall be
computed as follows:......."

On April 14, 1930, Jane Y. McCallum, then Secretary
of State, made the following departmental ruling:



Honorable Tom L. Beauchamp, May 8, 1939, Page 3

"There are numerous decisions of various
courts holding certain enterprises to be
public utilities and there are several
statutory provisions defining certain busi-
nesses as public utilities, which are in the
nature of mere police regulations or which
have to do with condemnation proceedings of
private property for public use or which in-
volve the validity of a tax to support a
public use. As pointed out on Page 537 of 262
U. S. Reports, the Legislature may levy a tax
for any purpose in which the State may engage,
which practically covers the field of individual
endeavor. These cases, it was shown, are not
authoritative for the purpose of determining
whether a particular business is in fact a
public utility in the strict and true sense
of the word so as to justify the Legislature
in controlling its rates and service. In the
latter class of cases the Supreme Court of
the United States has declared that even a
legislative declaration as to what is a public
utility is not controlling, since the question
is one for judicial determination.

"This department therefore adopts the construc-
tion which is suggested in the opinion of the
Supreme Court of the United States referred to,
that 'public utility corporations', as used in
House Bill 12, include only those corporations
which are in fact public utility corporations
and engaged solely in business as such, only
if their service or rates are subject to regula-
tion by law, other than for mere purposes of
police regulation, and that any corporation which
cannot clearly establish itself to be within this
class will be held to come within Paragraph (A)
as a private business corporation.

"The following classes of corporation are not
recognized as public utilities:.......

"10. Gas pipe lines. Gas pipe lines, we are



advised, are not common carriers because in
practice it is impossible to provide place
of storage for gas."

Articles 6050, 6051, 6052, and 6053, R. C. S., 1925,
amended, classify the various kinds of business engaged in
oducing, transporting, delivering, and selling natural gas
the public for domestic or other use, and declares each to
a "gas utility", "public utility" or "utility", affected
th the public interest, and subject to the regulation and
ntrol of the Railroad Commission. Every such gas utility
required to keep "books, accounts, papers, records, re-
ipts, vouchers, and other data required by the Commission,"
an office in Texas. Gas pipe lines engaged in producing,
ying, transporting, delivering, or otherwise dealing in
tural gas are each declared to be a public utility, af-
oted with the public interest, and in nature and according
the established method of conducting same a monopoly, and
bject in respect to all their holdings pertaining to the
s business and in all relations to the public, and in respect
their producing, transporting, receiving and distributing
otilities, to the full and complete control and supervision
the Railroad Commission. Authority is also given the Com-
ission to fix, establish, and enforce a reasonable rate which
ipe lines may charge for gas delivered at the city gate to
other distributing company or municipality; to fix a
asonable rate for gas sold and delivered by pipe lines or
ther distributing companies to the public for domestic or
ther use; and to fix and establish a fair and equitable
ivision of the proceeds of the sale of natural gas between
he producing or transporting companies and the companies
istributing or selling it to the ultimate consumer. State
. Public Service Corporation of Texas (T. C. A. 1935) 88 S. W.
2) 627. See also State v. Lone Star Gas Company (T. C. A.,
935) 86 S. W. (2) 484.

We recognize the doctrine cited by the Secretary of
tate that a legislative declaration that a particular business
s a public utility or affected with a public interest is not
ecessarily binding upon the court in all instances, yet such
declaration is entitled to serious consideration. In this
articular instance it would appear that the courts have ac-
epted the legislative classification and treated such corpora-
ions as if they were in fact public utilities. See also



Railroad Commission v. Humble Oil and Refining Company (T. C. A, 1936, Writ granted) 161 S. W. (2) 614. The Supreme Court of Texas refused a writ of error in the Lone Star case, and it was finally passed upon by the Supreme Court of the United States in Lone Star Gas Company v. State of Texas, (1938) 304 U. S. 224, 58 S. Ct. Rep. 883. The Supreme Court did not question the status of such companies or the right of the state to regulate their rates, but the case was reversed upon the ground that the rate which had been set was unreasonable, in that it did not take into consideration the over-all evidence. This case has again been passed upon by the Court of Civil Appeals in State of Texas v. Lone Star Gas Company, not yet reported. That court, in complying with the mandate from the Supreme Court that it continue with further proceedings not inconsistent with its opinion, has again upheld the action of the Railroad Commission in setting the rate to be charged for gas at the city gate.

It was held in Gulf States Utilities Company v. State (T. C. A., 1932) 46 S, W. (2) 1018, that a company engaged in the manufacture and supply of ice to the public was not a public utility within our franchise tax statute, there being no statute defining it as such, and not being in fact engaged in that type of business. Judge Blair, in writing the opinion of the court, stated:

> "Passing to a consideration of subdivision (d), supra, of the Franchise Tax Act of 1930, we find that it neither expressly nor impliedly includes or classifies for taxing purposes private corporations engaged in the manufacture and sale of ice to the public in Texas as 'public utility corporations.' Under the language of subdivision (d) only 'public utility corporations, which shall include every such corporation engaged solely in the business of a public utility whose rates or service is regulated, or subject to regulation, in whole or in part, by law,' are included. It is manifest from this language that the Legislature did not intend to include within the statute any corporation which it had not theretofore, or might thereafter, declare to be 'by law' a public utility

Honorable Tom L. Beauchamp, May 8, 1939, Page 6

corporation or business. The phrase 'every such corporation' is necessarily limited to 'all public utility corporations' declared to be such 'by law', which means, as applied here, by a legislative enactment. If the language may be regarded as of doubtful meaning in this regard, then we think that such construction is manifestly the intention of the Legislature from its long-continued policy of enacting from time to time declaratory statutes, declaring businesses or enterprises to be public utilities, or to be affected with the public interest, and in subjecting them to some sort of public regulation or control. And especially has this been the practice of the Legislature with respect to businesses or enterprises which were deemed to have by growth and by public need and use become public necessities or utilities. This intention is further manifest from the practical standpoint of collecting the tax. The statute is a tax statute enacted for the purpose of imposing the tax and instructing the administrative officers or departments of the government from what character of corporations they should demand the tax. We hardly think the legislature intended to leave to these officers and departments of government the intricate legal matters of determining what businesses are public utility businesses, or what corporations are public utility corporations, or of determining the matter of what public utility corporations' rates or service are subject to regulation. It is well settled that the forum for declaring a business to be affected with the public interest, and for subjecting its rates or service to regulation, is in the first instance the Legislature, and, until the Legislature has acted, we do not think administrative officials or departments of government can determine the questions. 1 Thompson on Corporations (3d Ed.) p. 1706........"

343

This reasoning is equally sound and is equally applicable in determining whether a corporation declared to be a public utility by the Legislature should be so classified by the Secretary of State in applying subdivision (D) of Article 7084 R. C. S., 1925, as amended.

While it is with some reluctance that we disagree with a contemporaneous construction by your department, we think that in the light of more recent expressions of the court, not available when the ruling was made, that a gas pipe line corporation such as described in your letter should be classified as a public utility.

This department is of the opinion that those gas pipe line companies defined in Article 6050 R. C. S., 1925, as public utilities should be classified as public utility corporations as that term is used in Article 7084 (D) R. C. S., 1925, as amended, provided, however, their business is solely that of a public utility. This ruling is, of course, subject to final judicial determination that a gas pipe line defined in Article 6050 is not in fact a public utility and not subject to regulation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
    Cecil C. Cammack
        Assistant

CCC:MR

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS